**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MICHAEL D. ABRON,
*Plaintiff,*
v.
TODD BLANCHE, Attorney General of the United States, et al.,[1]
*Defendants.*

Case No. 2:26-cv-02127-AWM-JBW

**MEMORANDUM AND ORDER**

Michael Abron, who represents himself, alleges that the Federal Bureau of Prisons ("BOP") passed him over for a Cook Foreman position at the United States Penitentiary in Leavenworth, Kansas, in October 2019 because of his race and color and in retaliation for protected activity.[2] The government has moved to dismiss or, alternatively, for summary judgment, arguing that Abron sued too late (Doc. 9). The motion is fully briefed (Docs. 9, 14, 16). The Court grants the two parts of the motion that Abron does not oppose. It does not yet rule on the timeliness defense. The briefs do not address four questions that may control that defense, and the fact on which timeliness may turn—whether Abron faxed an appeal to the Equal Employment Opportunity Commission ("EEOC" or "Commission") on December 23, 2021—appears in the record only in unsworn form. This Order directs the parties to fill both gaps. The Court will then take up the defense.

---

[1] Todd Blanche, Attorney General of the United States, is substituted for Pamela Bondi under Fed. R. Civ. P. 25(d). *See* Part I.
[2] Doc. 1 at 3–5. The Complaint names the facility "FCI Leavenworth," *id.* at 5, but the vacancy announcement gives the duty location as USP Leavenworth. Doc. 1-2 at 7.

## I. SUBSTITUTION AND THE INDIVIDUAL DEFENDANTS

The government asks the Court to substitute Todd Blanche, now the Attorney General, for Pamela Bondi. Under Fed. R. Civ. P. 25(d), an officer's successor "is automatically substituted as a party." Abron does not object, and the Clerk is directed to amend the caption.[3]

The government also moves to dismiss the claims against Jennifer Herbig and Nathan Atkinson. Abron responds that he is "not suing" either of them, though he asks that they "be held accountable."[4] The motion is unopposed on this point, *cf*. D. Kan. Rule 7.1(c), and it is correct on the merits. In a federal employee's Title VII suit, "the head of the department, agency, or unit, as appropriate, shall be the defendant," 42 U.S.C. § 2000e-16(c)—here, the Attorney General. And Title VII imposes no personal liability on individual supervisors or employees; "suits against individuals must proceed in their official capacity." *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) (quoting *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993)). The individual-capacity claims are therefore dismissed with prejudice for failure to state a claim, and the official-capacity claims are dismissed with prejudice as duplicative of the claim against the Attorney General. This ruling takes nothing from Abron's claim against the agency, which proceeds.

## II. THE TIMELINESS DEFENSE

The Department of Justice issued its final order on Abron's administrative complaint, Agency No. BOP-2020-0043, on December 22, 2021, and Abron received it

---

[3] Doc. 9 at 3; Doc. 16 at 1 n.1; Doc. 19 at 1 n.1 (representing that Blanche was sworn in as Attorney General on August 10, 2026); Doc. 14 at 1 (caption).

[4] Doc. 14 at 1.

the next day.[5] He then had thirty days to appeal to the Commission's Office of Federal Operations ("OFO"), 29 C.F.R. § 1614.402(a), or ninety days to sue, *id.* § 1614.407(a); *see* 42 U.S.C. § 2000e-16(c). He filed no lawsuit in that window, and OFO's records reflect no filing from him before September 8, 2025, when it docketed an appeal.[6] On February 3, 2026, OFO dismissed that appeal, applying "the doctrine of laches," and told Abron he could sue within ninety days.[7] He filed this action on March 9, 2026.[8] The government argues that the suit is four years late. Abron responds that the deadlines should be equitably tolled because he could not get into the EEOC's online portal.[9] The deadlines are not jurisdictional; untimeliness is an affirmative defense. *See Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95–96 (1990); *Hickey v. Brennan*, 969 F.3d 1113, 1118 (10th Cir. 2020). The government has presented the defense under Rule 56 on materials outside the pleadings.

The Court cannot decide the defense on the present submissions, for two reasons. First, the record suggests an answer to the defense that Abron's response does not make: that he was not late at all. In a September 3, 2025, letter to OFO, and according to OFO's summary of his position, Abron says he faxed his appeal to the Commission on December 23, 2021. A Form 573 signed and dated that day is in the record.[10] Neither the letter nor OFO's summary is sworn, so neither is material the Court may consider under Rule 56(c)(4) and 28 U.S.C. § 1746. Rule 56(e)(1) permits the Court to give a party "an

[5] Doc. 9-5 at 2; Doc. 9-7 at 3.
[6] Doc. 9-7 at 2–3.
[7] *Id.* at 3 (laches); *id.* at 5 (right to sue); *id.* at 6 (date).
[8] Doc. 1 at 1.
[9] Doc. 14 at 2, 4.
[10] Doc. 9-8 at 2 (Abron's letter) (also at Doc. 1-2 at 20); Doc. 9-7 at 3 (OFO's summary); Doc. 1-2 at 22–23 (Abron's copy of the form); Doc. 9-9 at 3–4 (the government's copy, bearing OFO's September 17, 2025, receipt stamp).

opportunity to properly support or address the fact," and the Court does so here. The Court expresses no view on whether the fax was sent, or on the government's point that Abron did not follow up for more than three years.

Second, whether that fact matters—and whether the suit may be timely without regard to it—depends on four questions that neither side has briefed. The Court raises them because it must apply the correct rule of law whatever the parties' characterization of the governing regulations, *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991), and it will not decide potentially dispositive questions without hearing from both sides. It decides none of them today.

*1. Is this suit timely under 29 C.F.R. § 1614.407(c) even if the appeal was late?* Paragraph (e) of § 1614.407 provides that if a complainant "files an appeal" and more than ninety days have passed since receipt of the agency's final action, he may sue "only in accordance with paragraph (c) or (d)," and paragraph (c) permits suit "[w]ithin 90 days of receipt of the Commission's final decision on an appeal." Abron sued thirty-four days after OFO's decision. Read literally, the regulation may make the suit timely. But the Tenth Circuit has held that an untimely request for reconsideration does not toll the ninety-day period, *Belhomme v. Widnall*, 127 F.3d 1214, 1216–17 (10th Cir. 1997); *cf. Conkle v. Potter*, 352 F.3d 1333, 1336–37 (10th Cir. 2003) (timely request defers finality and tolls the period), and courts elsewhere have applied the same rule to untimely appeals, *e.g.*, *Van Uitert v. Henderson*, No. CIV.99-1021-AS, 2000 WL 776397, at *4 (D. Or. June 13, 2000) (suit filed within ninety days of OFO's dismissal of an untimely appeal held untimely), *aff'd*, 19 F. App'x 604 (9th Cir. 2001); *see Mathis v. Corp. for Nat'l & Cmty. Serv.*, 327 F. Supp. 2d 154, 157–58 (D. Conn. 2004) (treating an untimely appeal as "a non-event"). A third possibility appears in the government's own authority:

that such a suit is timely only to test whether the Commission correctly dismissed the appeal. *McCoin v. Sec'y of Veterans Affs.*, No. 96-4104-SAC, 1996 WL 772602, at *6 (D. Kan. Dec. 20, 1996), *aff'd*, 132 F.3d 43 (10th Cir. 1997) (unpublished table decision); *see Harris v. Adm'r, Veterans Admin.*, 924 F.2d 148, 149–50 (8th Cir. 1991). If that is the rule, the parties should address whether the Complaint, read liberally, raises that question and what standard of review applies.

*2. When is a faxed appeal filed?* Section 1614.403(a) authorizes an appeal "by personal delivery or facsimile," and Form 573 states that an appeal is filed on the date it is "postmarked, hand delivered, or faxed."[11] But § 1614.604(b) deems a document timely only "if it is received or postmarked" within the period, and a fax bears no postmark. The Commission's decisions appear to require a filer to prove a disputed fax, ordinarily with a confirmation sheet. *E.g.*, *Whitlock v. Napolitano*, EEOC Appeal No. 0720090021, 2010 WL 2345519, at *1–2 (June 4, 2010). The Final Order as filed contains no statement of appeal rights, though the government says it included one and OFO faulted Abron for not following "instructions in the final decision"; the government is directed to produce the complete document.[12] This question matters only if the first question does not resolve the defense.

*3. Are BOP-2019-0319 and BOP-2020-0043 the same complaint?* Every administrative document the motion relies on is captioned BOP-2020-0043. The notice of right to sue attached to the Complaint is a February 13, 2026, final decision captioned Agency Complaint No. BOP-2019-0319, and the government acknowledges that Abron

[11] Doc. 1-2 at 22; Doc. 9-9 at 3.
[12] Doc. 9-5 (Final Order as filed); Doc. 9 at 10 ¶ 12 (asserting that appeal rights were included); Doc. 9-7 at 3 (OFO decision).

sued within ninety days of it.[13] Neither party mentions the discrepancy, says whether that decision is itself a final action under § 1614.407(a), or says what it puts before the Court if the two complaints are different.

*4. Is the retaliation claim before the Court?* The Administrative Judge did not adjudicate Abron's reprisal claim; she stated in a footnote that it was "hereby subsumed" in a certified class complaint, *Turner v. Garland*, EEOC No. 541-2016-00016X.[14] The February 13, 2026, decision states that the class complaint was "eventually dismissed by the EEOC" and that "[n]o judgment was made" on the reprisal claim.[15] What became of *Turner*, and on what basis, determines whether the agency was required to process the individual claim, *see* 29 C.F.R. § 1614.204(*l*); *Sanchez v. Brennan*, 679 F. App'x 671, 672–73 (10th Cir. 2017) (unpublished), and the record does not say. The motion does not distinguish between Abron's two claims.

The first and third questions are questions of law or can be answered from the agency's files, and either could end the timeliness dispute. The government therefore briefs first, with the documents attached, and Abron responds once he has seen them. Abron asks for discovery. Whether any is needed, and on what, depends on the answers.[16]

---

[13] Doc. 1-2 at 1–3; Doc. 9 at 4; Doc. 16 at 4.

[14] Doc. 9-6 at 2 n.1 (AJ's decision); Doc. 9-5 at 5 (Final Order, recounting the AJ's ruling); Doc. 1-2 at 48–49 (the agency's motion, reciting the class certification).

[15] Doc. 1-2 at 1.

[16] Doc. 14 at 5. Defendants have moved to stay discovery pending a ruling on Doc. 9 and to continue the October 29, 2026, scheduling conference. Doc. 19. That motion has been referred to Magistrate Judge Wieland and remains for her.

## III. ORDER

**IT IS THEREFORE ORDERED BY THE COURT that:**

1. **Substitution.** Under Fed. R. Civ. P. 25(d), Todd Blanche, Attorney General of the United States, is substituted for Pamela Bondi. The Clerk shall amend the caption accordingly.

2. **The motion.** Defendants' Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. 9) is **GRANTED IN PART**. All claims against Defendants Jennifer Herbig and Nathan Atkinson are **DISMISSED WITH PREJUDICE**, and the Clerk shall terminate them as parties. The motion is otherwise **DENIED WITHOUT PREJUDICE**. The Attorney General is the sole remaining defendant ("Defendant" in the paragraphs that follow). The brief ordered in paragraph 4 will be treated as a renewed motion for summary judgment on the timeliness defense. Docs. 9, 14, and 16 and their exhibits remain part of the record on that motion and need not be refiled. The request to deem the government's statement of facts admitted will be decided with the renewed motion.

3. **Plaintiff's declaration.** Within 21 days after the date of this Order, Plaintiff shall file a declaration stating what he personally did on December 23, 2021, to send his appeal: what he sent, to what fax number, from what machine or location, at what time, and whether he received any confirmation or error message. It shall also describe his contacts with the EEOC or the agency about the appeal between December 23, 2021, and September 3, 2025. Plaintiff shall attach his military orders for the service he describes in his response, Doc. 14 at 2, and any fax confirmation, transmission log, or other record of the fax that he has; if he has none, he shall say so and explain what, if anything, he did to confirm that the fax went through. Plaintiff should understand that the Commission's own decisions treat a fax confirmation sheet as the ordinary proof that an appeal was faxed. *See* Part II. The declaration shall also explain (a) the statement in his April 3, 2025, letter that he "filed an appeal with the EEOC Office in ST Louis Missouri," Doc. 1-2 at 19, and (b) why the "Date Received" field on his Form 573 reads December 13, 2021, Doc. 1-2 at 22. The declaration must be signed and dated and must end with these words:

   > *I declare under penalty of perjury that the foregoing is true and correct.*
   > *Executed on [date]. [signature]*

   28 U.S.C. § 1746(2). The 21 days run whether or not Defendant's brief has been filed. If Plaintiff files no declaration, the Court will decide the

renewed motion on the record as it stands, in which his statement that he faxed the appeal is unsworn.

4. **Supplemental briefs.** Within 30 days after the date of this Order, Defendant shall file a brief addressing the four questions set out in Part II and shall attach, from the agency's files:

   (a) the administrative file for Agency Complaint No. BOP-2019-0319;

   (b) the complete December 22, 2021, Final Order as served on Plaintiff, including any notice of appeal rights or transmittal letter that accompanied it;

   (c) the class certification decision, the notice of class action, and any order disposing of *Turner v. Garland*, EEOC No. 541-2016-00016X; and

   (d) any notice issued to Plaintiff concerning the subsumption or disposition of his reprisal claim.

   If a document does not exist or cannot be located, Defendant shall say so. The brief shall also identify the correct EEOC docket number for the *Turner* class complaint, which the record gives two ways. *Compare* Doc. 9-6 at 2 n.1, *with* Doc. 1-2 at 48. If Plaintiff's declaration states that he sent the appeal to a number other than (202) 663-7022, the briefs shall also address whether a fax directed to an EEOC district office rather than to OFO is a filing under 29 C.F.R. § 1614.403(a). The briefs shall also address whether 50 U.S.C. § 3936(a) excludes any part of the thirty- or ninety-day period. *See Conroy v. Aniskoff*, 507 U.S. 511, 514–17 (1993). Plaintiff shall respond within 30 days after Defendant's brief is filed, and Defendant may reply within 14 days after the response. Plaintiff should answer the four questions one at a time, in plain language, and identify the documents that support each answer. Page limits are those set by D. Kan. Rule 7.1(d)(2).

5. **Preservation.** The parties are reminded of their duty to preserve evidence relevant to the timeliness defense, including fax transmission and telephone toll records for December 2021 and January 2022, records of Plaintiff's access to the EEOC's online portal, and the file of BOP Investigation No. 2024-12406. Defendant shall ask the Commission, in writing, to preserve its fax and telephone records for (202) 663-7022 for December 2021 and January 2022 and shall report the result in the brief ordered in paragraph 4.

6. **Answer.** For good cause under Fed. R. Civ. P. 6(b)(1)(A), Defendant's time to answer any surviving claim is extended to 21 days after the Court rules on the renewed motion.

7. **Extensions.** Either party may seek more time on any deadline in this Order by motion under D. Kan. Rule 6.1(a), filed at least three days before the deadline.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2026, at Topeka, Kansas.

*s/ Anthony W. Mattivi*
Anthony W. Mattivi
United States District Judge